**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MARGARET E. SAGER, II,  )
  )
      Plaintiff,  )
  )   2:13-cv-00369-MMD-VCF
v.  )
  )   **O R D E R & RECOMMENDATION**
THE UNITED STATES GOVERNMENT, *et al.*,  )
  )
      Defendant.  )
  )

Before the court are plaintiff Margaret E. Sager II's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.   *In Forma Pauperis* Application**

Plaintiff asserts in her motion/application that she normally takes home $718.00 a month, but that she has zero dollars as of the date of filing and zero dollars in her saving/bank account. (#1). Accordingly, her request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all

1 material allegations in the complaint are accepted as true and are to be construed in the light most
2 favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro*
3 *se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v.*
4 *Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

5       A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or
6 delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "[A] finding of factual
7 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
8 incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v.*
9 *Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff
10 should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is
11 clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*
12 *v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13       Plaintiff alleges in her complaint that the defendants have "brought near death situations," and
14 that she brings this complaint to "remove the humane relay stations and their identities from the Social
15 Security Administration, NV, State Medicaid & EBT Food Stamp Program and Medicare and to use
16 U.S. Government experimental and findings on Nanomagnetic Robots on clonned positron Emission
17 Tomografted people stationed at Area 51, possible Air Force One and White House." (#1-1). Plaintiff
18 also asserts that several defendants have kept her and her son "under siege with surveillance device[s]
19 in the human body and around [their] living situations,...vehicles & communication [services]." *Id.*
20 Plaintiff alleges that defendants "refuse to declonne [and] demagnetize" and have bombed two of her
21 vehicles, and that she is "being clonned with nanomagnetic robots and living in a PET computer." *Id.*

22       The court finds that plaintiff's claims (#1-1) are premised on a "delusional factual scenario" and
23 that her allegations "rise to the level of the irrational or the wholly incredible." *Neitzke*, 490 U.S. at
24 327–28; *Denton*, 504 U.S. at 33. The court recommends that the complaint be dismissed as "frivolous."
25 *Id.* As it appears that amendment would be futile, the court should dismiss the complaint *with prejudice.*
26

*Cato* 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *with prejudice* as delusional and frivolous.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of March, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**